Earle, J., (sitting for Harper, J.)
Whenever a party comes into a Court of law, to claim damages for the breach of an executory agreement, containing mutual and dependent stipulations, he must show that he has performed his part, or that he has been ready and willing to perform, and has been prevented by the other party, or some other sufficient legal excuse for not performing. I apprehend a different rule cannot prevail in equity. It is a rule of common sense and common justice, and therefore a rule of both law and equity. For the three years, during which the plaintiff’s ^testator contributed his proportion of the labor, „ and otherwise performed his portion of the agreement, he is entitled L ‘J to an account, as the Chancellor has decreed. But in relation to the other seven years, as he has well remarked, “ the claim for an account is an awkward one.” He comes into equity, with an ill-grace, to claim compensation on a contract which he utterly renounced and repudiated, to claim an account of the profits of a concern which he forthwith abandoned when he supposed it would be a losing business. It may, however, have turned out otherwise; and he has no right to withdraw from» the partnership. It is true, he had no right to dissolve the partnership, so far as the rights of the defendant were concerned, nor could he exonerate himself from his liability to others by any act of his own.. But surely it was competent for him to abandon his interest in the concern, to forfeit his share of the profits; and I think he has done this, by refusing to perform after the three first years, every stipulation contained in the agreement, by withdrawing every portion of the capital he was to contribute, except the wood and the use of the soil; thus depriving the defendant of all the benefit he might have derived from the use of that capital, and to. that extent diminishing his profits. To allow him or his representative, the plaintiff, to claim an account and participation of the profits, would be, as the Chancellor expresses it, “ to pay a premium for breaking a contract.”
*22 By this bill, however, compensation is further claimed, for the use and occupation of the laud, and for the wood consumed in burning the bricks. And first in relation to the land merely, or the use of the soil consumed and occupied in the business.
[His honor here goes into an argument, which it is unnecessary to state, showing that according to the contract, the plaintiff is not entitled to compensation for the mere occupation of the premises, or the use of the soil; and then proceeds.]
Under the agreement, therefore, the plaintiff can claim no other compensation than that agreed upon, to wit: “ fifty cents per cord for one half of the wood consumed,” which Hamlin was to pay, aud for this it is contended, that he is entitled to maintain this bill for an account and relief. I think not. It is not every agreement that constitutes a partnership, which, when broken, entitles the party injured to compensation or relief in equity. It is only for *an account of settlement on dis- -* solution, that the aid of that Court is necessary; and this, not merely on the ground that they are partners, but because of the trust and confidence reposed, and the necessity of a discovery. But a Court of law is generally competent to give adequate relief in cases of the breach of particular stipulations; it cannot enforce specifically, but can compénsate in damages. Partners may sue each other at law for the breach of any distinct and positive engagement contained in their agreement, as to account annually, or to adjust and to make a final settlement of the joint concerns on dissolution: then, a breach by one will vest a right of action which may be enforced at law upon the covenant, and adequate damages recovered. Cow on Part. 106, 101; 2 T. B' 488, and in note, “ and the same rule applies to every other species of lawful covenant, by which parties reciprocally and severally bind themselves, inter se, to the performance of any particular act or thing. ” Where A. agreed to supply B. with the manuscript of a work to be printed by the latter, the profits of which were to be equally divided between them, it was held that B. might maintain an action against A. for refusing to supply manuscript after part of the work had been printed. How. 108 ; 2 B. & P. 131; Grow.- 109; 2 Stark. N. P. O. 101 ; 3 Johns. Oh. Oa. 262. Under the agreement in question, the plaintiff’s testator was entitled to maintain an action at law for the value of the wood consumed, at the rate agreed on, supposing the partnership to have continued; and there could have been no occasion to go into equity, if the defendant had accounted for the profits. It is a separate and distinct engagement, independent of the general liability to account, arising from the relation of partner. On a bill to account, if the partnership had continued, it is true that item or claim might have been brought in, on final settlement of the claims of each. But the question is, can the plaintiff’s testator, after having forfeited his claim to the profits, and his rights to an account, maintain a bill for compensation under any part of the agreement ? And for which, if entitled to any, he has plain and adequate remedy at law ? According to the view already taken, he cannot maintain this bill to account, except for the three years; and if he cannot maintain this bill to account, on the ground of partnership, he cannot maintain it on the ground of contract under the articles. The Court cannot, after the three years, allow him the.aid.,of .equity, to enforce one of the covenants or stipulations of an *23 agreement, *which he has renounced, and refused to comply with. He cannot renounce and enforce at the same time. It would be con- 1 trary to all principle and all precedent. But setting aside the agreement, it is contended that he is entitled to be paid for the wood consumed, and although he might recover at law, if he knew the quantity, yet, as he does not, and the defendant does, he may maintain this bill. I think not. That would be a very pliable principle of equity jurisdiction. Without the agreement, he is entitled to the aid of equity in this, as in other cases where discovery is necessary in aid of the jurisdiction of the Court of law. But this case does not stand upon that footing; nor can it be maintained now, for that purpose. This Court will not now decide, that the plaintiff cannot recover at law, for that question is not necessarily before us. If the plaintiff thinks that his testator was entitled to compensation, under or without the agreement, for the wood consumed, lot him bring his action at law on the express contract, or on a quantum valebat, and afford the defendant an opportunity to discount the damages he may have sustained in consequence of the testator’s breach of all the covenants to be performed on his part.
Hunt, for the appellant.
Johnson and O’Neall, concurred.